FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 25 PM 12:00
CLERK C Delauro
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JESSIE JACKSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-039 |
| | ) | |
| RONALD STRENGTH, Sheriff, Richmond | ) | |
| County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case on March 6, 2013, and paid the $350.00 filing fee. Because he was proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 4.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1-3.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the date the complaint was filed to accomplish service, and that the failure to accomplish service could result in dismissal of this lawsuit. (Id. at 2-3.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the defendants had been served, the Court directed Plaintiff to show cause why his claims should not be dismissed without prejudice for failure to effect service. (Doc. no. 5.) Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the

record of any defendant having been served.

As the Court explained in its July 9th Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Id. at 1-2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process upon the defendants is indicative of an abandonment of his claims, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon the defendant would lead to dismissal of his claims. (See doc. nos. 4, 5.) Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." Accordingly, in the absence of *any* reason to further extend

the time for service, it is appropriate to recommend the dismissal of Plaintiff's claims. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 25th day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE